UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOYCE ROBBERSON,

        Plaintiff,                              Case No.  1:07-cv-0882

v.

                                            Hon. Gordon J. Quist

ACCESS BUSINESS GROUP LLC,

        Defendant.

_____/

## **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

        Plaintiff Joyce Robberson and defendant Access Business Group LLC ("ABG"), by and through their respective counsel, stipulate and agree to the following:

        1.      The Parties have been and will continue to be engaged in discovery connected with this case.  In the course of such discovery, Robberson has asked ABG to produce information and documents pertaining to its confidential business practices including, without limitation, documents and information pertaining to other employees' pay rates, personal information regarding current and former employees, and other sensitive commercial and technical information.

        2.      The Parties acknowledge and agree that the documents to be produced by ABG contain sensitive and confidential information.  The Parties therefore stipulate and agree to entry of this Stipulated Confidentiality and Protective Order, which shall hereafter govern the use, dissemination and disclosure of documents produced or other evidence obtained during discovery in this litigation.

        3.      The provisions of this Stipulated Confidentiality and Protective Order shall apply to: (i) the Parties and their counsel in this litigation and (ii) any other person producing, receiving

or disclosing Confidential Information in this action who agrees to be bound by the terms of this Stipulated Confidentiality and Protective Order. "Parties" includes Robberson and ABG, including ABG's officers, agents, and employees.

4. This Stipulated Confidentiality and Protective Order governs the use of all documents, information, objects or things which have been or will be produced by the Parties during the course of any discovery, pre-trial or trial proceedings in this action, as well as the information contained therein.

5. Any Party who provides information to the other Party during the course of any discovery or other proceedings in this litigation may designate and legend as "CONFIDENTIAL" any material which it produces when such Party believes such material contains trade secrets, non-public information relating to customers of any Party, personal information regarding current and former employees, or sensitive commercial, financial, technical, or proprietary business information. The term "Confidential Information" shall include all information, documents, and things relating in any way to the substance of documents or other items bearing a "CONFIDENTIAL" legend, including but not limited to, any copies, abstracts, digests, notes, and summaries thereof. Should a dispute arise regarding whether a document or information should be designated as "CONFIDENTIAL," the objecting party may move for the Court to resolve the issue.

6. The Parties will use the Confidential Information solely for the preparation, trial, and appeal of this action (including any action to enforce or set aside an award entered herein) and not for any other purpose, and shall not provide, communicate, or disclose the Confidential Information in any way to any person other than:

(a) Parties to the action and/or their current or former employees who need access to Confidential Information for the purposes articulated in this Stipulation and who have agreed to be bound by this Stipulated Confidentiality and Protective Order;

(b) Counsel of a Party working directly on the action, including without limitation in-house counsel, and those employees of such counsel who work directly on the action;

(c) Experts retained or consulted by a Party or counsel specified in subparagraph (b) to assist in the preparation, trial and appeal of the action and who have agreed to be bound by this Stipulated Confidentiality and Protective Order, including without limitation, independent accountants, statisticians, economists, or other experts;

(d) Witnesses, for purposes of deposition or trial preparation, in which event such witnesses shall only be shown the Confidential Information and shall not be allowed to retain copies;

(e) Judicial officers and personnel of the Saginaw County Circuit Court; and

(f) Stenographic reporters retained by the Parties to transcribe depositions.

8. Before a Party may disclose Confidential Information produced by the other Party to any Expert or other witness, such Expert or other witness shall be required to read this Stipulated Confidentiality and Protective Order in its entirety and sign the attached Acknowledgment signifying his or her agreement to abide by its terms. Copies of all signed

3

Acknowledgments shall be maintained by counsel for the non-producing Party and shall be delivered to opposing counsel upon request or at the conclusion of this action.

9. The Confidential Information may be used during testimony in discovery depositions and at the trial of this action, subject to the Michigan Rules of Evidence or applicable rulings of the Court, and may be used by the persons designated in Paragraph 5 to prepare for any trial, hearings, or depositions held in this action, under the terms of this Agreement. However, if any Confidential Information is offered as an attachment to a document filed with the Court or any appellate court in this litigation, then such document shall be filed under seal and shall not become part of the public record. Before trial in this matter, counsel for the Parties will schedule a pre-trial conference with the Court for the purpose of deciding how Confidential Information introduced into evidence will be treated in the Court record and what protective instructions will be given to the jury regarding the Confidential Information.

10. All portions of deposition transcripts that relate to any Confidential Information, or that contain or discuss Confidential Information can be designated confidential and therefore subject to this Stipulated Confidentiality and Protective Order, either by counsel so stating during the deposition or by sending a written notice of confidentiality within 20 days after receipt of the transcript of the deposition to all counsel of record for the Parties to the action. All transcripts shall be considered confidential and subject to this Stipulated Confidentiality and Protective Order until expiration of the 20-day period. If any transcripts designated confidential are filed with the court or any appellate court in this litigation, then such transcript shall be filed under seal and shall not become part of the public record.

11. The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of the confidential nature of the material disclosed.

Nothing in this Stipulated Confidentiality and Protective Order shall require disclosure of material that counsel for a Party or a third party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity.

12. The provisions of this Stipulated Confidentiality and Protective Order shall continue in effect with respect to any Confidential Information unless expressly released by the Party producing such records, and such effectiveness shall survive the entry of a final judgment herein. All Confidential Information and any copies or reproductions thereof, shall be returned and surrendered to counsel for the producing Party upon the Conclusion of this action. Alternatively, upon conclusion of this action, counsel for the non-producing Party may destroy the Confidential Information and any copies, or reproductions thereof and provide a written statement to opposing counsel affirming that the Confidential Information and all copies have been destroyed. Counsel for the non-producing Party shall also collect any documents or materials that reference, summarize, or otherwise refer to the Confidential Information ("Work Product"). Work product may be retained by the non-producing Party's counsel only, and it shall remain subject to the provisions of this Stipulated Confidentiality and Protective Order except upon written agreement of the producing Party. Conclusion shall be taken and construed as the date fifteen (15) days following entry of a final, non-appealable order disposing of this action.

13. Counsel shall make all reasonable efforts to retrieve any Confidential Information or Work Product from any Party or other person to whom such Confidential Information has been given, and shall notify counsel for the producing Party of the failure to retrieve any such Confidential Information or Work Product. Such notification shall include a detailed description of any Confidential Information or Work Product not returned, and the reason why such

5

Confidential Information or Work Product is unavailable.

15. Nothing in this Stipulated Confidentiality and Protective Order shall be construed to preclude, foreclose or limit the right of any Party to this litigation to use or disclose its own Confidential Information in its ordinary business practices.

15. Notwithstanding any of the foregoing provisions, this Stipulated Confidentiality and Protective Order has no effect upon, and its scope shall not extend to, any disclosure that is required by law, rule, or order issued or promulgated by the Court. In the event disclosure of Confidential Information is required of the receiving Party under provisions of any law or order, the receiving Party will use all reasonable efforts to notify the producing Party of the obligation to make such disclosure sufficiently in advance of the disclosure so that the producing Party will have a reasonable opportunity to object. In the event of required disclosure, the receiving Party shall disclose only the particular Confidential Information required to be disclosed.

16. This Stipulated Confidentiality and Protective Order may be amended without leave of Court by the agreement of the Parties in the form of a stipulation filed with the Court in this case.

**IT IS SO ORDERED.**

Date: May 2, 2008

/s/ Hugh W. Brenneman, Jr.
Hugh W. Brenneman, Jr.
U.S. Magistrate Judge

**STIPULATED:**

|  |  |
|---|---|
|  | /s/ Matthew T. Nelson |
| Date:  April 30, 2008 | Edward J. Bardelli (P53849) |
|  | Matthew T. Nelson (P64768) |
|  | WARNER NORCROSS & JUDD LLP |
|  | 900 Fifth Third Center |
|  | 111 Lyon Street, N.W. |
|  | Grand Rapids, Michigan 49503-2487 |
|  | 616.752.2000 |
|  |  |
|  | Attorneys for Access Business Group LLC |

|  |  |
|---|---|
| Date:  April 29, 2008 | ___/s Cristine Wasserman Rathe_____ |
|  | Ms. Cristine Wasserman Rathe (P53636) |
|  | Law Offices of Dean T. Yeotis |
|  | 611 West Court Street |
|  | Flint, Michigan 48503 |
|  | 810.767.6100 |
|  | Attorneys for Plaintiff |

1538850-3